# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>    vs.<br>LUIS CASTILLO,<br><br>        Defendant. | CASE NO. 11cr5777WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the "Motion for relief from order due to lack of bed space and request for continuance of status hearing" filed by the Plaintiff United States of America." (ECF No. 20).

On March 5, 2012, this Court found "by a preponderance of the evidence that Defendant is presently suffering from a mental disease or defect and is thereby rendered mentally incompetent to the extent that the Defendant is unable to understand the nature and consequences of these criminal proceedings or to assist properly in the defense of this case." (ECF No. 17 at 2). The ordered that "Defendant be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months." *Id.* The order provided as follows:

> IT IS FURTHER ORDERED that:
> 1.  the Defendant must be transferred to a suitable facility within ten (10) days of the date of this order;
> 2.  the period of commitment will expire four months from the date

     of this order or July 5, 2012;
3.  the defendant be transferred back to the Southern District of California by June 28, 2012, unless defendant is not found to be restorable to competence; and
4.  In the event that defendant is not found to be restorable to competence at the end of the treatment period, it is ordered that
  a. Defendant is to be kept at the treating facility for evaluation pursuant to 18 U.S.C. §4246;
  b. a copy of the certification as to safety shall be provided to the Southern District of California, the district of arrest; and,
  c. the Attorney General's Office shall proceed as appropriate in the district where the defendant is housed at that time in this case.

IT IS FURTHER ORDERED that the Attorney General shall provide a report on defendant's mental status no later than June 27, 2012 to the Court and Counsel to allow for a review of the defendant's mental status.

IT IS FURTHER ORDERED that all counsel shall appear for a hearing on June 28, 2012 at 9:30 a.m. in Courtroom 4 to determine whether the Defendant has attain the capacity to permit the trial to proceed, and whether an additional reasonable time period is necessary to allow defendant's mental condition to improve to the point the trial may proceed.

Pursuant to 18 U.S.C. § 3161(h)(4), the Court orders this period of time be deemed excludable under the provisions of Fed. R. Crim. P. 5 and the Speedy Trial Act, 18 U.S.C. § 3161 et. seq., and that the pending preliminary examination be deferred without prejudice to the parties until the matter of competency is confirmed in this case.

*Id.* at 2-3.

On March 15, 2012, Charles Huddleston of the United States Department of Justice United States Marshals Service Justice Prisoner and Alien Transportation System sent a letter to this Court stating that "bed space at Butner Federal Medical Center is "very limited and forensic evaluations are currently at maximum capacity." The letter requests an extension of time to transport the Defendant to Butner stating that "the average extension required is 60 days."

On March 28, 2012, this Court held a hearing on the matter of the delay.

Plaintiff United States of America moves the Court for relief from order due to lack of bed space and request for continuance of status hearing. Plaintiff requests an extension of time to transport the Defendant "until approximately April 20, 2012." ECF No. 20 at 2. Plaintiff United States asserts that the detention of the Defendant at the Metropolitan Correctional Center prior to his hospitalization is pursuant to the Bail Reform Act, 18 U.S.C. § 3142 and not applicable to the four month time limit for hospitalization under 18 U.S.C. § 4241(d)(1).

Plaintiff asserts that "Defendant will soon be transported to Butner to be hospitalized, and such hospitalization will be limited to four months, in conformity with § 4241(d)(1)." *Id.* at 4.

Defendant does not object to the requested extension to April 20, 2012. Defendant does assert that the four-month limitation in Section 4241(d)(1) applies to the period of commitment, including the delay in transporting the Defendant to the hospital.

**RULING OF THE COURT**

The Speedy Trial Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance, barring periods of excludable delay. See 18 U.S.C. § 3161(c)(1). Section 3161(h)(1)(A) excludes from the 70 day period "any period of delay resulting from other proceedings concerning the defendant, including but not limited to ... delay resulting from any proceedings, including any examination, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). In this case, the four month period of hospitalization in order to determine whether there is a substantial probability that in the forseeable future the Defendant will attain the capacity to permit the proceedings to go forward provided in 18 U.S.C. § 4241 (d)(1) is excludable from the 70 day period pursuant to Section 3161(h)(1)(A). However, the four month period does not run while the Defendant awaits transportation to Butner Medical Facility to be hospitalized.

Section 3161(h)(1)(F) excludes from the 70 day period "delay resulting from transportation of any defendant from another district, or to and from the places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." In this case, the Court ordered that "the Defendant must be transferred to a suitable facility within ten (10) days of [March 5, 2012]." ECF No. 17 at 2). The Government bears the burden of rebutting the presumption that a delay for transportation of more than ten days is unreasonable. The Court finds that the record is not sufficient to determine whether the delay in transportation is reasonable at this stage in the proceedings.

1

2    IT IS HEREBY ORDERED that the motion for relief from order due to lack of bed
3 space and the request for continuance of status hearing in denied with leave to renew upon the
4 hospitalization of the Defendant.  (ECF No. 20).
5 DATED:  April 16, 2012

6                                         *William Q. Hayes*
                                           **WILLIAM Q. HAYES**
7                                          United States District Judge